# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY WHITE, #Y35649, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 19−cv−00841−NJR ) |
| MADISON COUNTY JUDICIAL SYSTEM, THIRD JUDICIAL CIRCUIT, and THOMAS GIBBONS, | ) ) ) ) ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Tony White, an individual currently in custody of the Illinois Department of Corrections at Graham Correctional Center, commenced this action by filing with the Court a document labeled "Petition to Order Circuit Court to Compel Record and Discovery," which was docketed as a petition for writ of mandamus. (Doc. 1). Because it was unclear whether he intended to file his petition as a writ of mandamus or as some other claim for relief, White was ordered to inform the Court what type of claim he intended to bring. On September 5, 2019, White filed a document titled "Petition for Writ of Mandamus," which restates his claims. (Doc. 7). The Court construes this pleading as an amended petition for writ of mandamus ("Amended Petition"), and it is the operative petition in this action.

White has also filed a Petition to Remove State Case to Federal Court (Doc. 12), a Petition for Stay of State Court Proceedings (Doc. 13), and a Motion Requesting Rules of the Court (Doc. 14).

1

The case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

## PETITION FOR WRIT OF MANDAMUS

In his Amended Petition, White asks the Court to order the Third Judicial Circuit Court of Illinois, Madison County State's Attorney, and the court reporter to forward to him the complete record from his criminal case, *State of Illinois v. White,* No. 2018-CF-002787 (Ill. Cir. Ct., Sept. 18, 2018). (Doc. 7, p. 1). He also asks for the evidence used to sabotage and surprise him at trial that was not disclosed in violation of Illinois Supreme Court Rule 412. (*Id.* at p. 2). White states that he has made numerous requests for these documents, but the State's Attorney has denied him due process of law regarding his requests. (*Id.*).

Two different federal statutes govern writs of mandamus, and White has cited neither in the Amended Petition. *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Regardless, federal courts have no authority to grant mandamus relief against state officials. *See Leuvano v. State Bar of Tex.,* No. 11-33-GPM, 2011 WL 334291 at *1 (S.D. Ill., Jan. 29, 2011) (citations omitted) ("Mandamus relief is not available against state and local officials, including state judicial officials."). Under Section 1361, federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof." 28 U.S.C. § 1361. Section 1651 also does not vest the Court with jurisdiction to issue writs of mandamus against state officials and only allows federal courts to "issue all writs necessary or appropriate in aid of *their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a)(emphasis added). Thus, this

Court lacks jurisdiction to issue a writ of mandamus against the respondents, Madison County Judicial System, the Third Judicial Circuit, and Thomas Gibbons, and his petition is **DISMISSED** without prejudice. *See Banks v. People of Ill.,* 258 F. App'x 902, 902 (7th Cir. 2007).

### PETITION TO REMOVE STATE CASE TO FEDERAL COURT

Although White states that he files his petition for removal under 18 U.S.C. § 3150 (providing for the application of the Federal Bail Reform Act, 18 U.S.C. §§ 3141-3150), procedures regarding removal of a state criminal case to federal court are governed under 28 U.S.C. § 1455, and Sections 1442, 1442a, and 1443 provide the grounds for removal.

Section 1455 provides that a defendant "desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). Such notice of removal must be filed "not later than 30 days after the arraignment in the State court," except for good cause shown. *Id.* at § 1455(b)(1). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

"Removal of a state criminal proceeding to federal court is available only in extremely limited circumstances not present here." *Baker v. Vanscyoc,* 18-cv-253-JPS, 2018 WL 2304794 at *4 (E.D. Wisc., May 21, 2018). For the following reasons, the Court finds that removal should not be permitted and remand of the case to Illinois state court is warranted.

White has not only improperly filed this petition for removal in this current case, seeking a writ of mandamus, but his request does not comply with the procedural requirements of 28 U.S.C.

§ 1455. First, his petition is untimely. His criminal case is currently pending appeal,[1] and so he has filed his petition well passed the deadline of 30 days following his arraignment, 28 U.S.C. § 1455(b)(1). He also has not shown good cause for an extension of the deadline. Second, he has failed to include with his notice of removal "a copy of all process, pleadings, and orders served upon such defendant[,]" 28 U.S.C. § 1455(a).

Furthermore, White has not established proper grounds for removal. 28 U.S.C. § 1443(1). In his petition, he states that because the Third Judicial Circuit is in collusion with the State's Attorney's Office, he has been denied due process. The Supreme Court has held that broad contentions under "the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443[.]" *State of Ga. v. Rachel,* 384 U.S. 780, 792 (1966). Neither does he allege he is a federal officer or member of the armed services, which would also establish jurisdiction for removal. *See* 28 U.S.C. §§ 1442 and 1442a.

Because White does not meet the procedural or substantive requirements for removal, removal is improper, and his petition shall be **REMANDED** to state court.

### PETITION/MOTION FOR STAY OF STATE COURT PROCEEDINGS

White asks for a stay of his state court proceedings under 28 U.S.C. § 2251, (Doc. 13, p.1), which is only applicable when a petitioner has a habeas corpus proceeding pending. As White filed this case as a Petition for a Writ of Mandamus and has not filed a petition for habeas corpus with this Court, the request to stay his state criminal proceedings is **DENIED.**

---

[1] White's criminal case, *State of Illinois v. White,* No. 2018-CF-002787 (Ill. Cir. Ct., Sept. 18, 2018), is currently on appeal. *See* https://www.clericusmagnus.com:8443/profoundui/start?pgm=EDOCS/WDI040CL&p1=%20MA&l1=3 (last visited November 25, 2019). The court record from White's criminal proceeding are public records of which this Court can take judicial notice. *See Henson v. CSC Credit Servs*., 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.,* 446 F.Supp.2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

#### MOTION REQUESTING RULES OF THE COURT

Because his Petition for Writ of Mandamus will be dismissed for lack of jurisdiction and his Petition to Remove remanded, his motion requesting that the Court provide him copies of court rules (Doc. 14) is **DENIED as moot**.

#### DISPOSITION

**IT IS HEREBY ORDERED** that this action, Petition for Writ of Mandamus, is **DISMISSED** without prejudice for lack of federal jurisdiction. Petitioner is **ADVISED** that this dismissal <u>shall not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See Haury v. Lemmon*, 656 F.3d 521 (7th Cir. 2011). The Motion for Stay of State Court Proceedings (Doc. 13) is **DENIED** without prejudice and Motion Requesting Rules of Court (Doc. 14) is **DENIED as moot.**

The Court summarily **REMANDS** White's prosecution to the Third Judicial Circuit, Madison County, Illinois, under 28 U.S.C. 1455(b)(4). The Clerk is **DIRECTED** to mail a certified copy of this **ORDER** and the Petition to Remove State Case to Federal Court (Doc. 12) to the Madison County Clerk of Court.

The Clerk of Court shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  November 25, 2019**

_Nancy J. Rosenstengel_
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**